IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO T. DIVER,

        Plaintiff,                  No. CIV S-09-0238 KJM P

    vs.

SACRAMENTO COUNTY
SHERIFF DEPARTMENT,
et al.,

        Defendants.              ORDER

/

        Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed June 22, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that jail personnel destroyed or disposed of some dental bridge-work during a shakedown of his cell. He has attached a copy of the response to his grievance, which advises him to file a claim with the county for replacement.

Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31(1986); Hudson v. Palmer, 468 U.S.

2

1  517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate
2  state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides
3  sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990).  California
4  law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813,
5  816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Plaintiff's complaint thus fails to
6  state a cognizable claim under the civil rights act.

7  Because plaintiff has alleged only that the property was taken negligently and
8  because he has been advised by the county of the existence of the post-deprivation remedy, this
9  complaint does not state a claim nor can it be saved by amendment.

10  IT IS HEREBY ORDERED that:
11  1.  This action is dismissed; and
12  2.  The Clerk of the Court close this case.
13  DATED: October 13, 2009.

_____
U.S. MAGISTRATE JUDGE

2
dive0238.ftsc